```
             IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| EDWIN JACQUET, | HONORABLE JEROME B. SIMANDLE |
| Petitioner, | |
| v. | Civil Action No. 16-4368 (JBS) |
| WARDEN DAVID ORTIZ, | **OPINION** |
| Respondent. | |

APPEARANCES:

EDWIN JACQUET, Petitioner Pro Se
69422-053
FCI Fort Dix
PO Box 2000
Joint Base MDL, NJ 08640

PAUL J. FISHMAN, United States Attorney
KRISTIN LYNN VASSALLO, Assistant United States Attorney
Office of the U.S. Attorney
970 Broad Street
Newark, New Jersey 07102
    Attorney for Respondent David Ortiz

**SIMANDLE, Chief Judge:**

**I.    INTRODUCTION**

This matter comes before the Court on Edwin Jacquet's ("Petitioner") pro se motion for reconsideration of this Court's order denying his petition for writ of habeas corpus. Motion for Reconsideration, Docket Entry 16. Respondent David Ortiz opposes the motion. Opposition, Docket Entry 17. This motion is being

decided on the papers pursuant to Fed. R. Civ. Pro. 78(b). For the reasons set forth below, the motion is denied.

## II. BACKGROUND

In March 2012, Petitioner pled guilty in the Southern District of New York to conspiracy to commit bank fraud, 18 U.S.C. § 1349. Petition, Docket Entry 1 ¶ 10. He was sentenced to a 63-month term of imprisonment. *Id.* Petitioner entered the Bureau of Prison's ("BOP") Residential Drug Abuse Program ("RDAP") while incarcerated at FCI Miami. *Id.* ¶ 12. After completing the RDAP residential component, he was transferred to the Bronx Community Re-Entry Center ("BCRC") on September 1, 2015.

During a family visit on October 5, 2015, Petitioner consumed six Nature Valley Lemon Poppy Seed Breakfast Biscuits. *Id.* ¶ 21. "When he returned to BCRC that evening, [Petitioner] realized that his consumption of the biscuits could trigger a positive urinalysis result for opiates if a random urine test was conducted. Therefore, he voluntarily informed BCRC staff member Rohan of the situation. Rohan assured [Petitioner] that this would not be a problem." *Id.* ¶ 23. A urine test was conducted that evening and ultimately returned a positive result for codeine and morphine. *Id.* ¶¶ 25, 28. Petitioner denied using drugs and stated he believed the result was a false positive due to the ingested poppy seeds.

2

Petitioner was charged with violating Code 112,[1] and the report was referred to the Center Discipline Committee ("CDC") for a hearing. The disciplinary hearing took place on October 14, 2015 at MDC Brooklyn.[2] Petitioner's mother and Mr. Rohan submitted written statements. After reviewing the witness statements and documentary evidence, the CDC determined Petitioner violated Code 112. The Disciplinary Hearing Officer ("DHO") upheld the determination and sanctioned Petitioner to the loss of 40-days good-conduct time and 45-days of non-vested good-conduct time.

Petitioner, with the assistance of counsel, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 on July 19, 2016. The Court ordered an expedited briefing schedule in light of Petitioner's allegations that he had been eligible for release on August 29, 2016 prior to the revocation of his good conduct credits. On September 14, 2016, the Court denied the petition. Petitioner filed a pro se notice of appeal on October 6, 2016, Docket Entry 15, and a motion for reconsideration on October 28, 2016.

---

[1] *See* 28 C.F.R. § 541.3.
[2] Petitioner alleges this hearing occurred without his presence. Petition ¶ 33.

3

## III. STANDARD OF REVIEW

Local Civil Rule 7.1 allows a party to seek a motion for reargument or reconsideration of "matter[s] or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked . . . ." Local Civ. R. 7.1(i). Whether to grant a motion for reconsideration is a matter within the Court's discretion, but it should only be granted where such facts or legal authority were indeed presented but overlooked. *See DeLong v. Raymond Int'l Inc.*, 622 F.2d 1135, 1140 (3d Cir. 1980), *overruled on other grounds by Croker v. Boeing Co.*, 662 F.2d 975 (3d Cir. 1981); *see also Williams v. Sullivan*, 818 F. Supp. 92, 93 (D.N.J. 1993).

To prevail on a motion for reconsideration, the movant must show:

> (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court ... [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

*U.S. ex rel. Shumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014) (citing *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). The standard of review involved in a motion for reconsideration is high and relief is to be granted sparingly. *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994). "The Court will grant a motion for reconsideration only where its prior decision has

4

overlooked a factual or legal issue that may alter the disposition of the matter. The word 'overlooked' is the operative term in the Rule." *Andreyko v. Sunrise Sr. Living, Inc.*, 993 F. Supp. 2d 475, 478 (D.N.J. 2014) (internal citations and quotation marks omitted). Mere disagreement with the Court's decision is not a basis for reconsideration. *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

**IV. ANALYSIS**

Petitioner's motion asks the Court to "reconsider the facts that make the contract unfair" and to reweigh the evidence that he was present at his hearing due to the date of the hearing on the CDC report being changed from "10/15/2015" to "10/14/2015." Motion for Reconsideration §§ I, II.1; Petitioner's Exhibit E.[3] Respondent argues Petitioner has not met the high standard for reconsideration.[4]

---

[3] "Petitioner's Exhibits" refer to the exhibits filed with the original petition.
[4] Respondent briefly suggests the motion may be time-barred. Opposition at 2 n.1. "[A] motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge." Local Civ. R. 7.1(i). The order dismissing the petition was entered September 14, 2016, making any motion for reconsideration due September 28, 2016. The Clerk's Office received the motion on October 24, 2016. In a letter attached to his motion, Petitioner asserts he handed the motion to prison authorities for mailing on September 18, 2016, but it was returned to him unsent on October 17, 2016. Motion for Reconsideration at 3. As Respondent ultimately takes no position on the timeliness of the motion, Opposition at 2 n.1, and based

5

**A. Fairness of Contract**

Petitioner argues reconsideration is warranted because the RDAP provision prohibiting him from eating poppy seeds is "an oppressive, unreasonably favoring contract that entraps inmates in an Adhesion Contract in unconscionable condition out of their control." *Id.* § I.1. He states that as there is no way he could have known the biscuits contained poppy seeds, it would be unjust to hold him accountable for ingesting them. *Id.* §§ I.2-3. He states he asked his counsel to raise this in his original petition, but counsel did not do so. *Id.* §§ I.4-5.

Petitioner's contract law question was not presented to the Court in his original petition. "Only dispositive factual matters and controlling decisions of law which were presented to the court but not considered on the original motion may be the subject of a motion for reconsideration." *Resorts Int'l, Inc. v. Greate Bay Hotel & Casino, Inc.*, 830 F. Supp. 826, 831 (D.N.J. 1992). The Court cannot be said to have "overlooked" an argument that was not presented. Reconsideration is not warranted on this basis.

**B. Weighing of the Evidence**

Petition also asks the Court to reconsider the denial of his petition based on a reweighing of the evidence regarding his

---

on Petitioner's representation to the Court, the Court considers the motion to have been timely filed.

presence at the CDC hearing. Motion for Reconsideration § II. He asserts this Court misinterpreted the submission of the final CDC Report bearing his initials as evidence that he was present at the hearing. He states he first saw the "altered" final report on November 19, 2015 and did not have a copy in his possession until that time. *Id.* § II.2 (referencing Petition ¶ 44; Petitioner's Exhibit I).

The Court acknowledges Petitioner's position on the date he received a copy of the final CDC Report is a plausible reading of the record; however, reconsideration is not warranted even accepting Petitioner's statements as true. As the Court noted in its original opinion:

> In the "Presentation of Evidence" section of the CDC Report, Petitioner initialed next to the portion indicating he had been advised of his rights to present a statement or remain silent, and to present evidence on his behalf. He denied the charges. He also initialed next to the "Summary of Inmate Statement" portion, which stated "Resident Jacquet stated he consumed a lemon poppy seed granola bar and believes this caused his positive result." He also initialed next to the portion indicating the hearing took place on "10/14/2015" at 2:58 p.m. Once again, although the same change in date was made on this form as on the Notice of CDC Hearing, Petitioner does not allege this change was made after he initialed the form.

Slip Opinion at 9-10 (internal citations and footnote omitted). Petitioner admits to signing the CDC Report, but now argues the date was in fact changed after his review. Motion for Reconsideration §§ II.1-2, 3. He does not claim any other

7

section of the report was altered after he signed the document and does not deny initialing the other paragraphs as they appear in the documents submitted to the Court. Whereas the date he received a copy of the final "altered" report and the fact that the date might have been changed after Petitioner's review of the form have no bearing on whether he attended the hearing, his confirming the substance of the evidence presented at that hearing does indicate his presence. Furthermore, "even if the BOP conducted the hearing in Petitioner's absence, Petitioner has not established he was prejudiced by the error." *Id.* at 12. Petitioner provides no law or evidence supporting a claim of harmful error.

The Court reviewed the entirety of the record and concluded the disciplinary proceedings complied with *Wolff v. McDonnell*, 418 U.S. 539 (1974), and that there was some evidence to support the findings of the CDC and DHO. *See Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985). Petitioner has cited no intervening case law or provided new evidence warranting reconsideration of the Court's decision. The motion for reconsideration is therefore denied.

8

**V. CONCLUSION**

    For the above stated reasons, the motion is denied. An accompanying Order will be entered.

**March 3, 2017**                 **s/ Jerome B. Simandle**
Date                          JEROME B. SIMANDLE
                              Chief U.S. District Judge